# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY DERUSSEAU,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>BANK OF AMERICA, N.A.; et al.,<br>　　　　　　　　Defendants. | CASE NO. 11 CV 1766 MMA (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 30] |

Currently pending before the Court is Defendants Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P. ("BAC" or "BAC Servicing") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion to dismiss Plaintiff Audrey Derusseau's second amended complaint ("SAC") for failure to state a claim upon which relief can be granted. [Doc. No. 30.] Plaintiff opposed the motion [Doc. No. 33], and Defendants submitted a reply [Doc. No. 34]. Plaintiff is represented by counsel. On February 1, 2012, the Court deemed the matter suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

## BACKGROUND

This action arises out of foreclosure-related events with respect to Plaintiff's real property, located at 2235 Cliff Street, San Diego, California 92116 (the "Property"). [SAC, Doc. No. 28 ¶1.][1] On or about April 2, 2007, Plaintiff executed a promissory note ("Note") to obtain a loan

---

[1] Because this matter is before the Court on a motion to dismiss, the Court accepts the allegations in the SAC as true. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

1  from Bank of America, secured by a Deed of Trust, to purchase the Property. [*Id.*] The Deed of
2  Trust names PRLAP, Inc. as the trustee. [*Id*. ¶15; Exh. D, p.2.] In March 2009, Plaintiff was
3  "experiencing financial hardship" and contacted BAC to apply for a loan modification to lower her
4  monthly payments. [SAC ¶19.] Plaintiff alleges BAC offered her a forbearance plan in April
5  2009, but abruptly cancelled it without explanation in November 2009. [*Id*. ¶20.] Notably,
6  however, Plaintiff defaulted on her loan on July 1, 2009. [Doc. No. 15-1, Exh. A, p.6.] From
7  November 2009 through March 2011, BAC represented that Plaintiff's loan was in "review
8  status." [SAC ¶20.] In April 2011, BAC cancelled its review of her loan. [*Id*. ¶21.] Ultimately,
9  BAC foreclosed on Plaintiff's Property. [*Id*. ¶23.] Plaintiff "felt she had been treated unfairly and
10 sought counsel to investigate why BAC" forced her into foreclosure. [*Id*.]

11       Plaintiff asserts her "initial investigation has confirmed that there was an **attempt** to
12 securitize the Mortgage by assigning and transferring the Mortgage into the Securitized Trust, but
13 the mortgage loan was never actually assigned and transferred to the Securitized trust." [*Id*. ¶24
14 (bold in original).] Stated another way, "Freddie Mac attempted but failed to become a party to
15 the Note and Deed of Trust when it was purportedly assigned Bank of America's interest in
16 Plaintiff's Note and Deed of Trust, thereby becoming purported owner of Plaintiff's Note and
17 Deed of Trust." [*Id.* ¶54.] Therefore, according to Plaintiff, Freddie Mac never acquired an
18 interest in Plaintiff's Note. "Despite this failure to assign, transfer, and grant Plaintiff's Mortgage
19 to Freddie Mac, Defendants have made numerous attempts to collect on Plaintiff's Mortgage."
20 [*Id*. ¶¶33, 54.] Further, although Plaintiff defaulted on her mortgage on July 1, 2009, she alleges
21 that she "has been paying the wrong creditor and all payments to the Securitized trust must be
22 disgorged and refunded." [*Id*. ¶¶35, 55.] In the alternative, Plaintiff asserts that if Freddie Mac
23 did acquire an interest in her Note, Freddie Mac failed to comply with the Truth in Lending Act's
24 notice of new creditor requirements under 15 U.S.C. § 131(g).

25       Plaintiff also alleges Freddie Mac violated the Fair Debt Collection Practices Act by
26 fraudulently representing the status of her loan and "attempt[ing] to collect on the Note under false
27 pretenses, namely that they [sic] were assigned Plaintiff's debt when in fact they [sic] were not."
28 [*Id*. ¶¶62, 66.] As a result of Defendants' alleged conduct, Plaintiff initiated this action on August

1 8, 2011, and filed her SAC on December 14, 2011. Plaintiff's SAC alleges nine causes of action for: (1) Declaratory Relief under 28 U.S.C. §§ 2201 and 2202; (2) Quasi Contract; (3) Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; (4) Violation of the Truth in Lending Act, 15 U.S.C. § 1641(g); (5) Violation of California Business and Professions Code §§ 17200 *et seq.*; (6) Accounting; (7) Breach of Contract; (8) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (10) Violation of California Civil Sections 2923.5 and 2924 *et seq.*[2] Defendants move to dismiss Plaintiff's entire SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, generally, a court may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

---

[2] The Court notes this action is nearly identical to *Brown v. U.S. Bancorp*, 2012 U.S. Dist. LEXIS 26226 (C.D. Cal. Feb. 27, 2012), in which Ms. Derusseau's counsel represented the plaintiff Todd Brown.

2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Despite Plaintiff's argument to the contrary [Doc. No. 33, p.4-6], a court may however consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

Under Federal Rule of Evidence 201(b), judicial notice may be taken of *facts* that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Applying Rule 201(b), federal courts routinely take judicial notice of facts contained in publically recorded documents, including Deeds of Trust, Substitutions of Trustee, and Notices of Defaults, because they are matters of public record, and are not reasonably in dispute. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)); *Lingad v. IndyMac Fed. Bank*, 682 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010); *Vogan v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 132944 *6-8 (E.D. Cal. Nov. 17, 2011); *Tiqui v. First Nat'l Bank of Arizona*, 2010 U.S. Dist. LEXIS 33326 *2 n.2 (S.D. Cal. April 5, 2010).

Defendants request the Court take judicial notice of: (1) the Notice of Default, dated June 28, 2011 and recorded in the San Diego Recorder's Office on July 1, 2011; and (2) the Substitution of Trustee, dated June 16, 2011, and recorded in the San Diego Recorder's Office on July 1, 2011. [Doc. No. 31.] Because the Court already granted judicial notice of these documents [Doc. No. 27, p.4-5; *see also* Doc. No. 15], the Court denies Defendants' pending, duplicative request for judicial notice as moot.

Plaintiff requests the Court take judicial notice of a report published by the Office of the Assessor-Recorder in San Francisco entitled, "Foreclosure in California A Crisis of Compliance." [Doc. No. 36.] The Court declines to do so for two reasons. First, Plaintiff's request is untimely, as it was filed roughly three weeks after briefing on Defendants' motion to dismiss was complete and the motion was taken under submission. Second, regardless of whether judicial notice of the document might be proper, the content is entirely irrelevant to the pending motion. To survive a motion to dismiss, Plaintiff must allege *facts* that demonstrate *she* is entitled to relief. Documents

1 such as the Deed of Trust and Notice of Default on Plaintiff's Property are judicially noticeable
2 and relevant, because they provide facts relevant to the specific transactions at issue. Conversely,
3 a general report on the mortgage industry's compliance with various statutes provides no *facts*
4 regarding *Plaintiff's* circumstances and purported injuries, and is therefore unhelpful at this stage
5 of the proceedings.

## DISCUSSION

7 In her SAC, Plaintiff alleges this Court has jurisdiction because her allegations present a
8 federal question. [SAC, ¶3.] Plaintiff no longer alleges diversity jurisdiction exists. [*Compare*
9 Doc. No. 11, FAC, ¶4 *with* Doc. No. 28, SAC ¶¶3-14.] The Court therefore addresses Plaintiff's
10 federal causes of action before turning to her state-based claims.

11 **I.     TRUTH IN LENDING ACT, 15 U.S.C. § 1641(g)**

12 Plaintiff's fourth cause of action alleges Freddie Mac violated section 131(g) of the Truth
13 in Lending Act ("TILA") because it did not timely notify Plaintiff that her Note and Deed of Trust
14 had been transferred. According to Plaintiff, Freddie Mac purports to be her creditor, but failed to
15 comply with TILA's notice requirements upon transfer. [SAC, ¶¶75-83.] Defendants move to
16 dismiss Plaintiff's TILA claim on the grounds that Plaintiff does not allege any facts that
17 demonstrate section 131(g) applies, and she fails to assert detrimental alliance. The Court agrees.
18 "Section 131(g), codified at 15 U.S.C. § 1614(g), states that if a mortgage loan is sold or
19 otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of
20 the debt shall notify the borrower in writing of such transfer within thirty days." *Conley v. The*
21 *Bank of New York Mellon Corp.*, 2012 U.S. Dist. 14555 *8 (D. Haw. Feb. 7, 2012) (quoting 15
22 U.S.C. § 1641(g)) (internal marks omitted). In addition, the plaintiff must assert "detrimental
23 reliance upon an inaccurate or incomplete disclosure." *Id*. at *9 (citing *Gold Country Lenders v.*
24 *Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002)). Plaintiff's TILA claim fails on both accounts.
25 First, under the statute, the new creditor has thirty days to notify the borrower of the
26 transfer. Therefore, to state a cognizable claim, Plaintiff must allege *when* her loan was
27 transferred to Freddie Mac. The SAC does not contain any allegations regarding the timing of the
28 purported transfer. [*See, e.g.,* SAC, ¶83.] Instead, Plaintiff merely speculates that at some point in

time "Defendants" attempted to securitize her loan by placing it in a trust. [*Id.* ¶17.] According to Plaintiff, because the securitization failed her loan never became part of the trust res and Freddie Mac never obtained an interest in the Property. [*Id.* ¶¶17-18.]

Plaintiff's securitization theory cannot support a TILA violation, however, because it is not grounded in any facts. Plaintiff does not identify a single discrete act or event that suggests anyone tried to securitize her loan. Despite three attempts to articulate her case, Plaintiff's underlying theory remains entirely speculative and unsupported. Thus, although Plaintiff might reasonably assert she does not know when her loan was transferred because she never received notice as required under TILA, her lack of knowledge does not save her claim because she must identify some reason why she "is informed and believes" that Defendants attempted to securitize her loan. Because Plaintiff's securitization theory is pure conjecture it is insufficient to state a cognizable claim for relief.[3]

Second, Plaintiff provides no allegations that she detrimentally relied on misinformation caused by Freddie Mac's alleged failure to promptly notify her of the transfer. Instead, Plaintiff vaguely avers that she was harmed in the following ways: (1) multiple parties "may" seek to enforce Plaintiff's debt obligation; (2) title to the Property has been clouded and rendered unsalable; (3) Plaintiff has made payments to the wrong party and overpaid the interest owed; (4) Plaintiff does not know who she should send her payments to; (5) her credit and credit score have been impacted; and (6) she has incurred significant costs and attorneys' fees. [*Id.* ¶90.] On their face, Plaintiff's allegations do not demonstrate reliance on misinformation, nor do they support an inference that Plaintiff actually suffered any injury. The allegations are so generalized they amount to no more than a laundry list of typical grievances raised in this type of foreclosure-related action.

In its November 29, 2011 Order, the Court dismissed Plaintiff's TILA cause of action against Freddie Mac, with leave to amend, because she failed to plead sufficient facts to trigger

---

[3] Alternatively, Plaintiff alleges Freddie Mac did not properly acquire an interest in her loan, and therefore has no right to foreclose on her Property. TILA clearly has no application under this theory because section 131(g) only requires new creditors to provide notice. If Plaintiff's loan was not transferred to Freddie Mac, it is not a "new creditor."

1  protection under the statute and demonstrate detrimental reliance. [Doc. No. 27, p.7-8.] Plaintiff
2  makes no effort to cure these deficiencies in her SAC. Accordingly, because Plaintiff has had
3  three opportunities to state a valid TILA claim against Defendant Freddie Mac and has failed to do
4  so, the Court concludes further amendment would be futile, and dismisses Plaintiff's fourth cause
5  of action with prejudice.

**II.    FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.**

Plaintiff's third cause of action for violations of the Fair Debt Collection Practices Act ("FDCPA") alleges Freddie Mac attempted to collect on Plaintiff's loan obligation "under false pretenses, namely that they [sic] were assigned Plaintiff's debt when in fact they [sic] were not." [SAC ¶62.] As the Court previously explained, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It is well-established the FDCPA only applies to "debt collectors," defined as either: (1) a person whose principal business is the collection of debts "(whether on behalf of himself or others); or (2) a person who regularly collects debts on behalf of others (whether or not it is the principal purpose of his business)." *Izenburg v. ETS Servs.*, 589 F. Supp. 1193, 1199 (C.D. Cal. 2008) (internal marks omitted). Plaintiffs must also allege the defendants engaged in debt collection activities.

The Court dismissed the FDCPA claim in Plaintiff's FAC because she failed to allege Freddie Mac is a debt collector within the meaning of the statute, and she did not identify any specific debt collection activities taken by Defendants. Defendants argue Plaintiff's FDCPA claim should now be dismissed without leave to amend because the operative complaint still relies on nothing more than conclusory statements. [*See* Doc. No. 30, p.9.] The Court agrees. Plaintiff's SAC fairs no better than her earlier pleadings, as her amended complaint does not remedy the numerous discrepancies highlighted in the Court's November 29 Order. Rather, Plaintiff simply includes additional conclusory, legal conclusions, without adding any facts to support her position. [*See, e.g.,* SAC ¶60.] Because Plaintiff has had ample opportunity to amend her FDCPA claim, and her successive pleadings show no meaningful improvement, the Court concludes amendment would be futile and dismisses Plaintiff's third cause of action for violations of the FDCPA with prejudice.

1  Although the Court concludes neither of Plaintiff's substantive federal claims survive, in
2  the interests of efficiency the Court retains supplemental jurisdiction over the state-based causes of
3  action and discusses them in turn below. 28 U.S.C. § 1367.

**III.  QUASI CONTRACT**

Plaintiff's second cause of action re-alleges her quasi-contract claim premised on "Freddie Mac and/or BAC Servicing's" alleged unjust enrichment. [SAC ¶¶54-55.] Plaintiff asserts Defendants were unjustly enriched because they erroneously demanded and collected her monthly mortgage payments for over two and one half years. [*Id*.] According to Plaintiff, her original lender, Bank of America, sold her loan to an unknown entity. [*Id*. ¶57.] Thus, preventing Bank of America from effectively transferring her loan to Freddie Mac or BAC Servicing, because the proceeds of the sale fulfilled the balance due on the Note. [*Id*.] Plaintiff seeks restitution for the mortgage payments she allegedly paid to Freddie Mac and/or BAC. *See Otworth v. So. Pac. Trans. Co.*, 166 Cal. App. 3d 452, 460 (1985) ("[t]he theory of unjust enrichment requires one who acquires a benefit which may not justly be retained,to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched").

The premise of Plaintiff's quasi-contract claim remains unchanged from her FAC. Plaintiff summarily asserts Freddie Mac or BAC Servicing (or both), demanded she make loan payments to them from April 2007 until November 2009, even though they lacked authority to do so. [SAC ¶55.] Plaintiff's conclusory allegations do not demonstrate she is entitled to restitution. In addition, Defendants correctly note that the minimal facts advanced in Plaintiff's compliant actually undermine her unjust enrichment theory.

Plaintiff alleges she obtained a $360,000 loan from Bank of America to purchase her Property in April 2007; Bank of America later sold the loan to an unknown entity at some unknown point in time. [SAC ¶¶1, 16.] In March 2009, Plaintiff contacted BAC Servicing to apply for a loan modification, and in April 2009, BAC offered her a forbearance plan. [*Id*. ¶¶19-20.] On July 1, 2009, Plaintiff defaulted on her loan. [Doc. No. 15-1, Exh. A, p.6.] In November 2009, BAC cancelled the forbearance plan and refused to accept further payment. [SAC ¶20.] Based on the above chain of events, it appears Plaintiff made her loan payments to BAC Servicing

without incident from April 2007, through March 2009 when Plaintiff began experiencing financial difficulties. Two months after contacting BAC regarding a loan modification, Plaintiff defaulted on her loan—i.e. she failed to make the required payments. Therefore, Plaintiff's own allegations belie her theory that she was paying the wrong entity for two and one half years.

In addition, Plaintiff's complaint still fails to provide any factual allegations regarding BAC Servicing's and Freddie Mac's demands and resulting unjust enrichment. According to the undisputed facts in the record, Plaintiff took out a thirty-year loan to purchase the Property, and then ceased making payments approximately fourteen months later. [Doc. No. 28, Exh. D.] Aside from Plaintiff's conclusory, speculative averments, there is nothing in the record that suggests she made loan payments to the wrong entity, nor that multiple entities have sought (or are likely to seek) recovery on the loan. By all accounts, Plaintiff has not made any payments in nearly three years and is not entitled to restitution.[4] Accordingly, for each of the reasons stated above, the Court concludes amendment would be futile, and dismisses Plaintiff's quasi contract cause of action with prejudice.

## IV. BREACH OF CONTRACT

In its November 29 Order, the Court dismissed Plaintiff's breach of contract claim without prejudice because:

> Plaintiff does not . . . allege any identifiable conduct by Defendants. Plaintiff fails to assert which payments Defendants improperly allocated, when the incorrect application occurred, how many times payments were not credited properly, or even generally why she believes her account is in error. Although Plaintiff need not provide detailed allegations of every error Defendants allegedly made, she must do more than provide a formulaic recitation of the elements to state a breach of contract claim. *Twombly*, 550 U.S. at 555.

[Doc. No. 27, p.11.] Plaintiff's SAC makes no meaningful effort to remedy the noted deficiencies. [*See* SAC ¶¶126-136.] Accordingly, it is apparent amendment is futile and Plaintiff's seventh cause of action for breach of contract claim is dismissed with prejudice.

///

---

[4] To the extent Plaintiff alleges Defendants owe restitution to a third party, she lacks standing to assert such a claim.

## V.   BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

As in her FAC, Plaintiff's eighth claim for breach of the implied covenant of good faith and fair dealing in her SAC is premised on Plaintiff's alleged contractual relationship with Defendants embodied in the Deed of Trust.  [SAC ¶¶140-144.]  The Court previously dismissed this cause of action because, "Plaintiff's claims [we]re conclusory and unsubstantiated by factual allegations that describe the conduct at issue."   [Doc. No. 27, p.12 (citing *Gomez v. Wells Fargo Home Mortg.*, 2011 U.S. Dist. LEXIS 134092 *28 (N.D. Cal. Nov. 21, 2011) (To survive a motion to dismiss plaintiff must identify the conduct that has frustrated her right to enjoy the benefit of the contract.).]  The Court granted Plaintiff an opportunity to amend this cause of action, but her SAC fails to remedy the noted deficiencies.  Accordingly, the Court finds further amendment would be futile, and dismisses Plaintiff's eighth cause of action with prejudice.

## VI.   VIOLATIONS OF CALIFORNIA CIVIL CODE SECTIONS 2923.5 AND 2924 ET SEQ.

Plaintiff's SAC adds a new claim for violations of California Civil Code sections 2923.5 and 2924 *et seq*. that was not present in the FAC.  Plaintiff did not obtain leave to include this additional claim, as the Court's November 29 Order did not grant her leave to allege new causes of action in her SAC.  "The absence of such leave provides an independent basis for dismissal of [her] claims for violations of §§ 2924 and 2923.5."  *Brown v. U.S. Bancorp*, 2012 U.S. Dist. LEXIS 26226 *16-18 (C.D. Cal. Feb. 27, 2012) (citing Fed. R. Civ. P. 15(a)(2) (Where a party is not amending as a matter of right, "the party may amend its pleading only with the opposing party's written consent or the court's leave"); *Hoover v. Blue Cross and Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988) (holding that a court need not consider additional claims in an amended complaint when leave to amend has not been granted for those claims; without leave to amend, an amendment is without legal effect)).  Nevertheless, because the remainder of Plaintiff's claims are subject to dismissal with prejudice, the Court considers the merits of her newly asserted causes of action.

California Civil Code sections 2923.5 and 2924 *et seq*. govern the non-judicial foreclosure process in this State.  Plaintiff alleges the Notice of Default and Notice of Trustee's Sale recorded on her Property are invalid, as they do not comply with the requirements set forth in 2923.5 and

2924. [SAC ¶¶153-154.] Plaintiff contends Freddie Mac and BAC Servicing did not perfect their interest in the Property, and therefore, they are not authorized to use the non-judicial foreclosure process contemplated under sections 2923.5 and 2924. [*Id*. ¶¶150-154.] Plaintiff's allegations fail as a matter of law.

Section 2923.5(a)(1) provides in relevant part, "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)." The record establishes Defendants complied with section 2923.5's notice and due diligence requirements. First, Plaintiff asserts she contacted BAC Servicing in March 2009 to discuss a forbearance plan. Plaintiff also admits she worked with BAC to modify her loan until at least November 2009 when BAC cancelled her forbearance agreement; BAC later cancelled the "review" of Plaintiff's loan in April 2011. Importantly, the Notice of Default was not filed until July 1, 2011, and includes a statement of due diligence. Because Plaintiff and BAC engaged in lengthy loan modification efforts from March 2009 through April 2011 and the Notice of Default was not filed until July 2011, the Court concludes Defendants complied with the thirty-day "grace" period required under section 2923.5. *Brown*, 2012 U.S. Dist. LEXIS 26226 at *18-19 (citing *Davenport v. Litton Loan Servicing LP*, 725 F. Supp. 2d 862, 877 (N.D. Cal. 2010) ("dismissing § 2923.5 claim because plaintiffs' allegation of loan modification talks negated a claim that § 2923.5 was violated")).

Section 2924 indicates only certain parties can initiate the non-judicial foreclosure process by filing a notice of default. Plaintiff asserts Defendants violated section 2924 because "there is no evidence, recorded or otherwise, of a Substitution of Trustee which purports [to] substitute PRLAP, Inc., the Trustee explicitly named in the Deed of Trust." [SAC ¶150.] Again, the record belies Plaintiff's unsupported allegations. According to the County Recorder's records, a Substitution of Trustee was filed and recorded on July 1, 2011, substituting Quality Loan Service Corporation in place of PRLAP as trustee. The same day, Quality Loan Service filed the Notice of Default on behalf of beneficiary Bank of America. The record therefore shows compliance with section 2924. *See also Brown*, 2012 U.S. Dist. LEXIS 26226 at *18. Because Plaintiff's

1 allegations coupled with the records on file establish amendment would be futile, the Court
2 dismisses Plaintiff's ninth cause of action with prejudice.

### VII. ACCOUNTING

As previously explained, "[a] request for a legal accounting must be tethered to relevant actionable claims." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). Because each of Plaintiff's claims is subject to dismissal she has not "anchored her request to any viable claims" and her accounting claim cannot survive. *Id.* Accordingly, Plaintiff's sixth cause of action is subject to dismissal with prejudice.

### VIII. CALIFORNIA BUSINESS AND PROFESSIONS CODE

Likewise, Plaintiff's fifth cause of action for violation of California Business and Professions Code sections 17200 *et seq.* is premised on Defendants' conduct described in Sections I-VI, *supra*. [*See* SAC ¶¶93-121.] California's unfair competition law ("UCL") defines "unfair competition . . . [as] any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Violation of almost any federal, state, or local law may serve as the basis for a UCL claim. In addition, a business practice may be unfair or fraudulent in violation of the UCL even if the practice does not violate any law." *Bertolina v. Wachovia Mortg.*, 2011 U.S. Dist. LEXIS 87937 *13 (N.D. Cal. Aug. 9, 2011) (internal marks and citations omitted).

As before, to the extent Plaintiff's UCL claim is based on purported violations of state or federal law, her claim is subject to dismissal because Plaintiff has failed to adequately allege any underlying predicate violations. In addition, Plaintiff did not remedy the defects in her FAC to state an independent UCL claim for unfair or fraudulent business practices because the SAC fails to allege sufficient facts to support any identifiable wrongdoing by specific Defendants. Because Plaintiff has had three opportunities to state a viable claim under California's UCL, the Court concludes further amendment would be futile and dismisses her fifth cause of action with prejudice.

///

**IX. DECLARATORY RELIEF**

Similarly, Plaintiff's first cause of action for declaratory relief under 28 U.S.C. sections 2201 and 2202 is subject to dismissal because Plaintiff has not sufficiently pled an underlying controversy between the parties. *See American States Ins. Co. v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994). The Declaratory Judgment Act ("DJA") is merely a procedural statute and does not provide an independent theory for recovery. *Team Enterprises, LLC v. Western Inv. Real Estate Trust,* 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010) (citations omitted). Rather, where the plaintiff has stated an underlying claim for relief, the DJA merely offers the plaintiff an additional remedy. *Id.* Accordingly, where as here, the plaintiff has not adequately pled an underlying claim for relief, her declaratory relief claim cannot stand alone, and is therefore subject to dismissal. *See id.* ("declaratory relief claim falls with the demise of . . . other claims and the absence of a cognizable justiciable controversy"); *see also Brown*, 2012 U.S. Dist. LEXIS 26226 at *7-11 (dismissing declaratory relief claim challenging foreclosure). Given Plaintiff's prior opportunities to amend and the allegations contained in the SAC, the Court concludes amendment would be futile and dismisses Plaintiff's first cause of action with prejudice.

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendants' motion to dismiss [Doc. No. 30], and **DISMISSES** Plaintiff's action **WITH PREJUDICE**. The Clerk of Court is instructed to enter judgment in favor of Defendants Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P., and Federal Home Loan Mortgage Corporation, and against Plaintiff Audrey Derusseau, and close the case file.

**IT IS SO ORDERED.**

DATED: March 28, 2012

Hon. Michael M. Anello
United States District Judge